**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| **PAUL L. STEFANO, Jr., and** | ) | Case No: 25-14161-amc |
| **LORI ANNE STEFANO** | ) | |
|     **Debtors** | ) | |
| | ) | |
| 21st MORTGAGE CORPORATION | ) | MOTION FOR STAY RELIEF |
|     Movant | ) | 1997 Pine Grove Manufactured Home |
|     vs. | ) | |
| | ) | |
| PAUL L. STEFANO, JR., and | ) | Hearing Date: January 7, 2026 |
| LORI ANNE STEFANO | ) | Hearing Time: 11:00 a.m. |
|     Respondents | ) | Response Deadline: December 17, 2025 |

**MOTION OF 21ST MORTGAGE CORPORATION FOR RELIEF FROM AUTOMATIC STAY**

_____

21ST MORTGAGE CORPORATION ("21st Mortgage"), by and through its Attorneys, Jessica S. Kaczinski, Esquire and Gross McGinley LLP, respectfully presents the following Motion for Stay Relief pursuant to 11 U.S.C. §362(d) and in support thereof, alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §157 and §1334, as well as 11 U.S.C. § 362.

2. On or about October 14, 2025, Debtors, PAUL L. STEFANO, Jr. and LORI ANNE STEFANO, filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

3. On October 10, 2017, Debtors obtained a loan from 21st Mortgage in the amount of $37,884.31 as evidenced by a Note, the obligations of which were secured by a first lien security interest in a certain 1997 Pine Grove manufactured home VIN GP41751AB ("Manufactured Home") presently located at 232 Yankee Road, Lot 310, Quakertown, Bucks County, Pennsylvania.

4. On or about November 21, 2025, 21st Mortgage filed a Proof of Claim identified as Claim 5 ("POC") evidencing a claim secured by the Manufactured Home in the amount of $52,262.28 with

$18,079.69 of pre-petition arrears. 21st Mortgage's POC and attachments thereto are incorporated herein as though set forth herein at length.

5. The NADA value of Manufactured Home is $53,958.19. Attached as **Exhibit "A"** is a copy of the NADA valuation on the Manufactured Home which is incorporated herein by reference.

6. Debtors have filed a Chapter 13 Plan acknowledging they will pay pre-petition arrears owed to 21st Mortgage through their plan and pay post-petition obligations directly to 21st Mortgage.

7. In breach of the Note and contrary to Debtors' proposed Chapter 13 Plan, Debtors have not made the required monthly post-petition payments to 21st Mortgage and are presently due for the months of October 2025 and November 2025 totaling **$1,091.88**, exclusive of late charges, attorneys' fees and costs. In fact, the Debtors have not made any post-petition payments to 21st Mortgage since the filing of the within Bankruptcy Petition.

8. Additionally, the Debtors have failed to provide proof to 21st Mortgage that the Mobile Home is properly insured, as required under the terms of the Contract.

9. As of December 15, 2025, the Debtors are indebted to 21st Mortgage in the amount of $51,325.66, plus per diem interest, along with fees and costs recoverable under the Contract.

**21st Mortgage Corporation is Entitled to Relief From
the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)**

10. Pursuant to 11 U.S.C. Sections 362(d)(1) and 1301(c)(if applicable), 21st Mortgage is entitled to relief from the automatic stay for sufficient cause, including the lack of adequate protection of 21st Mortgage's interest in the Manufactured Home, by reason of the Debtors' failure to make monthly post-petition payments due under the Note and as required by Debtors' proposed Chapter 13 plan from October 2025 to the present and the value of the Manufactured Home is static or decreasing while the lien

upon the Manufactured Home continues to increase. There is little, if any, equity in the Manufactured Home and 21st Mortgage would be irreparably harmed if relief is not granted.

11. The Movant requests that the 14 day period set forth in Rule 4001(a)(3) is hereby waived and any Order entered on this Motion shall take effect immediately upon its signing.

WHEREFORE, 21st Mortgage Corporation requests:

a) that the automatic stay issued pursuant to 11 U.S.C. Section 362 (and 1301, if applicable) be modified to allow 21st Mortgage to pursue any and all available Pennsylvania state court remedies against the Manufactured Home, including without limitation, repossession, replevin, and/or sale of the Manufactured Home; and

b) That the fourteen (14) day stay period under Rule 4001(a)(3) is rendered inapplicable and any Order for relief from stay shall take effect immediately upon its execution;

c) That the Order for Stay Relief shall be binding in any conversion of this bankruptcy and be binding on the Debtors and any trustee appointed in this case;

d) such other additional relief as may be equitable and just under the circumstances.

Respectfully Submitted,
**GROSS MCGINLEY, LLP**

By: */s/Jessica S. Kaczinski*
Jessica S. Kaczinski, Esquire
PA BAR I.D. #333860
*Attorneys for Movant, 21st Mortgage Corporation*
33 S. 7th Street, PO Box 4060
Allentown, PA 18105
610- 820-5450 (P); 610-820-6006 (F)
Jkaczinski@grossmcginley.com